UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS R. WOODSON,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>R.N. ORTIZ, R.N. ORDUNA, DR. M. KIM, and DR. STEPKE,<br><br>　　　　　　　　　　　Defendants. | Case No.: 15-cv-1285-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 58) issued by United States Magistrate Judge Andrew G. Schopler.

**I.　Facts**

On May 27, 2014, Plaintiff Thomas Woodson, an inmate at Calipatria State Prison, fractured his left thumb. (ECF No. 48-4 at 24, 33). On May 29, 2014, Defendant R.N. Ortiz received and initialed three Health Care Services Requests Forms concerning the injury to Woodson's thumb. *Id.* at 21–23. On June 5, 2014, Woodson had his initial consultation with the orthopedic surgeon, Dr. Bruce Foerster, who recommended surgery. *Id.* at 35–38. On June 6, 2014, Defendant Dr. Kim executed a "Comprehensive Accommodation Chrono" placing Woodson on temporary limited duty and ordering "Bottom Bunk" and "No left hand use" accommodations. *Id.* at 40–41. On June 9, 2014, Defendant Dr. Stepke completed a form titled "Physician Request for Services,"

recommending that the surgery be scheduled in a "routine" timeframe and handwrote "ASAP" next to the word "routine." *Id.* at 42; Declaration of Dr. Stepke, ECF No. 48-6, at ¶ 5 and n.3. Within days of Woodson's signing the necessary consent form, defendant R.N. Orduño[1] calendared the surgery for July 11, 2014, Dr. Foerster's first available date. (ECF No. 1 at 39; Declaration of R.N. Orduño, ECF No. 48-9, at ¶ 4). Dr. Foerster performed surgery on Woodson's thumb on July 11, 2014. Declaration of Bruce V. Foerster, M.D., ECF No. 48-5, at ¶ 6. Dr. Foerster declared that "[t]he surgery date had no effect on the efficacy of the surgery or the post-surgical outcome." Foerster Decl. at ¶ 5.

## II. Background

On June 9, 2015, Plaintiff Thomas Woodson, proceeding pro se, filed the Complaint (ECF No. 1). The Complaint alleges violations of California Government Code § 845.6 and the First, Eighth, and Fourteenth Amendments to the United States Constitution. *Id.* On June 23, 2016, the Court issued an Order dismissing Plaintiff's claims for violations of the First and Fourteenth Amendments and Cal. Gov. Code § 845.6. (ECF No. 26).

On June 5, 2017, Defendants filed a Motion for Summary Judgment (ECF No. 48). On August 28, 2017, Woodson filed an Opposition to the Motion for Summary Judgment. (ECF No. 53). On September 22, 2017, Defendants filed a Reply in Support of the Motion for Summary Judgment. (ECF No. 56). On January 21, 2018, the Magistrate Judge issued the Report and Recommendation, recommending that the Motion for Summary Judgment be granted. (ECF No. 58). The Report and Recommendation recommends that the Court grant summary judgment to Defendants on Woodson's claim that the delay between his injury and his surgery violated his Eighth Amendment rights because, *inter alia*, "Woodson has not shown that his surgery's timing impaired his long-term recovery." *Id.* at 7. The Report and Recommendation recommends that the Court grant summary judgment on Woodson's claims against Ortiz because Ortiz is entitled to qualified immunity. *Id* at 12.

---

[1] Although listed in the complaint as "Orduna," (ECF No. 1 at 1), the defendant's last name appears to be "Orduño," Declaration of R.N. Orduño., ECF No. 48-9, at 2.

On March 19, 2018, Woodson filed Objections to the Report and Recommendation. (ECF No. 60). On March 23, 2018, Defendants filed a Response to Woodson's Objections to the Report and Recommendation. (ECF No. 61).

### III. Standard of Review

The duties of the district court in connection with a report and recommendation issued by a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

### IV. Discussion

Woodson objects to the Magistrate Judge's conclusion that the delay between Woodson's injury and his surgery did not violate Woodson's Eighth Amendment rights. ECF No. 60 at 2 ("Plaintiff opposes the cavalier and stoic mention of 'month-long wait' as if forty-five days to be exact is somehow [a] de minimis issue for properly treating a serious medical condition." (emphasis omitted)). Woodson contends that Stepke is liable for the delay because he exhibited deliberate indifference when he selected "routine" on the form titled "Physician Request for Services." *Id.* at 3. Woodson contends that Kim is liable for the delay because he falsely claimed that Woodson did not have a definite fracture in order to delay Woodson's treatment. *Id.* at 4. Woodson contends that Orduño, Stepke, and Kim are all liable for the delay "as they were all made aware of the pain and suffering Plaintiff sustained as a result of inadequate and prolonged delay of treatment (surgery)." *Id.* at 3.

"[M]ere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference . . . unless the denial was harmful." *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Consequently, evidence establishing the length of the delay between

1  Woodson's injury and his surgery, by itself, is not enough to avoid summary judgment on
2  Woodson's Eighth Amendment claim; Woodson must submit some evidence suggesting
3  that the delay caused harm. The Complaint states "[Dr. Foerster] told Plaintiff a story about
4  [a] sports injury and the time[-]sensitive nature of such injuries. [Dr. Foerster] concluded
5  with, ['S]urgery for injuries such as Plaintiff's should take place sooner [rather] than
6  later.[']" (ECF No. 1 at 9). Woodson contends that these sentences in the Complaint
7  constitute evidence tending to show that the delay caused harm. ECF No. 20 at 2 (citing
8  ECF No. 1). The Court finds that, even if Dr. Foerster did make that alleged statement,
9  summary judgment is still warranted in light of Dr. Foerster's more specific declaration
10 that "[t]he surgery date had no effect on the efficacy of [Woodson's] surgery or
11 [Woodson's] post-surgical outcome." Foerster Decl. at ¶ 5.

Woodson also "disputes that R.N. Ortiz is protected by qualified immunity as she is not a government official. She is medical staff contracted by the government." ECF No. 20 at 2. However, Woodson has not presented any evidence suggesting that Ortiz is not a government employee. Ortiz declared "I am employed by the California Department of Corrections and Rehabilitation (CDCR)." Ortiz Decl. at ¶ 1. The Court finds that there is no evidence on the record that suggests that Ortiz is not an employee of the CDCR. Consequently, Woodson's objection to the conclusion that Ortiz is entitled to qualified immunity is without merit.

## V.     Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 58) is ADOPTED IN ITS ENTIRETY. Defendants' Motion for Summary Judgment (ECF No. 48) is GRANTED. The Clerk of the Court shall enter judgment in favor of Defendants and against Plaintiff as to all claims in this action.

Dated: March 28, 2018

*[signature]*
Hon. William Q. Hayes
United States District Court